UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOHN DOUGLAS JONES, JR.,

        Plaintiff,                      Case No. 1:10-cv-196

v.                                            Honorable Robert Holmes Bell

JULIE L. GOLDMAN et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has been directed to pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I.  Factual allegations

Plaintiff John Douglas Jones, Jr. presently is incarcerated with the Michigan Department of Corrections (MDOC) and housed at the G. Robert Cotton Correctional Facility (JCF). He sues Area Manager Julie L. Goldman and Supervisor Terry Wildfong of the Muskegon Parole Office.

On October 8, 2001, Plaintiff was sentenced to two prison terms of one to three years for writing a check without sufficient funds, MICH. COMP. LAWS § 750.131a, and resisting and obstructing a police officer, MICH. COMP. LAWS § 750.479. He also was sentenced to one term of two to ten years for forging a financial instrument, MICH. COMP. LAWS § 750.250. Plaintiff was released to a term of 18 months of parole on December 29, 2004. Plaintiff alleges that, on June 29, 2006, after Plaintiff had completed his scheduled term of parole, Defendants unlawfully "conspired with various unknown individuals by allowing judgments rendered thereupon concerning Mr. John D. Jones, Jr. to extend his legal custody of parole for unpaid restitution indebtedness." (Compl. at 3, docket #1.)

Plaintiff previously raised similar allegations in a complaint against four other Defendants in *Jones v. Staples et al.*, No. 1:09-cv-1030 (W.D. Mich.).[1] In that action, he articulated other relevant background facts. Plaintiff alleged that he remained on extended parole from June 29, 2006 until October 24, 2007, when he violated parole by failing to report. A warrant was issued for his arrest, and he was arrested and sent to the Muskegon County Jail on December 7, 2007.

---

[1] The Court subsequently dismissed Plaintiff's complaint on November 24, 2009. *See Jones v. Staples et al.*, No. 1:09-cv-1030 (W.D. Mich. Nov. 30, 2009) (docket ##5, 6.)

Plaintiff was arrested and ultimately was convicted on April 8, 2008 for one count of uttering and publishing. He also continues to serve the remainder of the sentences for which he was on parole.

Plaintiff seeks declarations that the extension of his parole for failure to pay his debt was illegal and that Defendants conspired to deprive him of a hearing on his parole extension. He seeks compensatory damages for the period of his wrongfully extended parole and specific performance of the original parole term, which he characterizes as a contract.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has

not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

By seeking specific performance of his original parole term, Plaintiff essentially challenges his incarceration by the State of Michigan. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483, at *1 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, and (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

To the extent Plaintiff seeks injunctive, declaratory and monetary relief for alleged violations of Constitutional rights, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). Plaintiff's allegations clearly call into question the validity of his sentence. Therefore, his action is barred under *Heck* until his criminal conviction has been invalidated.

A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g), because it fails to state a claim on which relief can be granted. *See Morris v. Cason*, No. 02-2460, 2004 WL 1326066 (6th Cir. June 10, 2004) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Murray v. Evert*, No. 03-

1411, 2003 WL 22976618 (6th Cir. Dec. 8, 2003) (same); *Harris v. Truesdell*, No. 03-1440, 2003 WL 22435646 (6th Cir. Oct. 23, 2003) (*Heck*-barred claim fails to state a claim and is frivolous).

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated: March 23, 2010  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE